JOHN D. TRAN, ESQ. (State Bar No. 231761)
ROSALIND T. ONG, ESQ. (State Bar No. 234326)
**RHEMA LAW GROUP P.C.**
1 PARK PLAZA SUITE 600
IRVINE, CA 92614
EMAIL:     JDT@RHEMALAW.COM
EMAIL:     RTO@RHEMALAW.COM
TELEPHONE:  (949)852-4430
FAX:          (866)929-3519


CHARLES C.H. WU, (State Bar No. 166756)
VIKRAM M. REDDY, (State Bar No. 228515)
**CHARLES C.H. WU & ASSOCIATES, APC**
EMAIL:     CCHWU@WCLAWYERS.COM
EMAIL:     VREDDY@WCLAWYERS.COM98 DISCOVERY
IRVINE, CA 92618-3105
TELEPHONE: (949) 251-0111
FAX:          (949)251-0111

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC VIET FOODS, INC., a California corporation,<br><br>Plaintiff,<br><br>VV FOODS, LLC., a Texas Limited Liability Corporation; and Does 1-10<br><br>Defendants. | **Case No. 8:12-cv-02165-CJC (DFM)**<br><br>**STIPULATED PROTECTIVE ORDER** |
| VV FOODS, LLC, a Texas Limited Liability Company,<br><br>Counterclaimant,<br><br>vs.<br><br>QUOC VIET FOODS, INC., a California corporation; and ROES 1 through 10, inclusive,<br><br>Counterdefendants. | |

**ORDER**

In light of the Stipulation of the parties filed hereto, and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

**I.     DEFINITIONS**

A.     <u>Party</u>

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.     <u>Disclosure or Discovery Material</u>

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.     <u>"Confidential" Information or Items</u>

Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

D.     <u>"Highly Confidential -- Attorneys' Eyes Only" Information or Items</u>

Confidential Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

E.     <u>Receiving Party</u>

A Party that receives Disclosure or Discovery Material from a Producing Party.

F.     <u>Producing Party</u>

A Party or non-party that produces Disclosure or Discovery Material in this action.

G.     <u>Designating Party</u>

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

1 — Attorneys' Eyes Only."

2        H.    <u>Protected Material</u>

3        Any Disclosure or Discovery Material that is  designated as "Confidential" or

4 as "Highly Confidential – Attorneys' Eyes Only."

5        I.    <u>Outside Counsel</u>

6        Attorneys who are not employees of a Party but who are retained to represent

7 or advise a Party in this action.

8        J.    <u>House Counsel</u>

9        Attorneys who are employees of a Party.

10        K.    <u>Counsel (without qualifier)</u>

11        Outside Counsel and House Counsel (as well as their support staffs).

12        L.    <u>Expert</u>

13        A person with specialized knowledge or experience in a matter pertinent to

14 the litigation who has been retained by a Party or its counsel to serve as an expert

15 witness or as a consultant in this action. "Expert" also shall mean an employee of a

16 party who is retained as an expert in this action. This definition includes a

17 professional jury or trial consultant retained in connection with this litigation.

18        M.    <u>Professional Vendors</u>

19        Persons or entities who provide litigation support services (e.g.,

20 photocopying; videotaping; translating; preparing exhibits or demonstrations;

21 organizing, storing, retrieving data in any form or medium; etc.) and their

22 employees and subcontractors.

23 **II.**   **SCOPE**

24        The protections conferred by this Order cover not only Protected Material (as

25 defined above), but also any information copied or extracted therefrom, as well as

26 all copies, excerpts, summaries, or compilations thereof, plus testimony,

27 conversations, or presentations by parties or counsel to or in other settings that

28 might reveal Protected Material.  This Order does not apply to court hearings or

proceedings.  The use of Confidential and Highly Confidential – Attorneys Eyes Only information or items in court hearings or proceedings will be addressed with the judicial officer conducting the proceeding at the appropriate time.

**III.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

**IV.   DESIGNATING PROTECTED MATERIAL**

A.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the prior designation.

B.   Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS'

EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY").

(ii)   for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony

may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition) a right to have up to 10 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY").  The entire transcript will be treated as if it were HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY during the 10 day period following receipt of the transcript.  Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii)    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

C.    Inadvertent Failures to Designate.

An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly

1  Confidential —Attorneys' Eyes Only" after the material was initially produced, the
2  Receiving Party, on timely notification of the designation, must make reasonable
3  efforts to assure that the material is treated in accordance with the provisions of this
4  Order.

5  **V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6       A.     <u>Timing of Challenges.</u>

7       Unless a prompt challenge to a Designating Party's confidentiality
8  designation is necessary to avoid foreseeable substantial unfairness, unnecessary
9  economic burdens, or a later significant disruption or delay of the litigation, a Party
10 does not waive its right to challenge a confidentiality designation by electing not to
11 mount a challenge promptly after the original designation is disclosed.

12      B.     <u>Meet and Confer.</u>

13      A Party that elects to initiate a challenge to a Designating Party's
14 confidentiality designation must do so in good faith and must begin the process by
15 conferring directly (in voice to voice dialogue) with counsel for the Designating
16 Party. In conferring, the challenging Party must explain the basis for its belief that
17 the confidentiality designation was not proper and must give the Designating Party
18 an opportunity to review the designated material, to reconsider the circumstances,
19 and, if no change in designation is offered, to explain the basis for the chosen
20 designation. A challenging Party may proceed to the next stage of the challenge
21 process only if it has engaged in this meet and confer process first.

22      C.     <u>Judicial Intervention.</u>

23      A Party that elects to press a challenge to a confidentiality designation after
24 considering the justification offered by the Designating Party may file and serve a
25 motion that identifies the challenged material and sets forth in detail the basis for the
26 challenge. Each such motion shall set forth with specificity the justification for the
27 confidentiality designation that was given by the Designating Party in the meet and
28 confer dialogue required under Paragraph V(B), *supra*.

1    The burden of persuasion in any such challenge proceeding shall be on the

2  Designating Party. Until the Court rules on the challenge, all parties shall continue

3  to afford the material in question the level of protection to which it is entitled under

4  the Producing Party's designation.

5    Any motion brought pursuant to this Section shall be governed by Local

6  Rules 37-1 and 37-1 (including the Joint Stipulation Requirement).

7  **VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8        A.    <u>Basic Principles.</u>

9    A Receiving Party may use Protected Material that is disclosed or produced

10  by another Party or by a non-party in connection with this case only for prosecuting,

11  defending, or attempting to settle this litigation. Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this

13  Order. When the litigation has been terminated, a Receiving Party must comply with

14  the provisions of section X below.

15    Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons

17  authorized under this Order.

18        B.    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

19    Unless otherwise ordered by the Court or permitted in writing by the

20  Designating Party, a Receiving Party may disclose any information or item

21  designated CONFIDENTIAL only to:

22        (i)    the Receiving Party's Outside Counsel of record in this action, as well

23  as employees of said Counsel to whom it is reasonably necessary to disclose the

24  information for this litigation;

25        (ii)    the officers, directors, and employees (including House Counsel) of the

26  Receiving Party to whom disclosure is reasonably necessary for this litigation;

27        (iii)    experts (as defined in this Order) of the Receiving Party to whom

28  disclosure is reasonably necessary for this litigation;

1        (iv)    the Court and its personnel;

2        (v)    court reporters, their staffs, and professional vendors to whom

3 disclosure is reasonably necessary for this litigation;

4        (vi)   during their depositions, witnesses in the action to whom disclosure is

5 reasonably necessary for this litigation;

6        (vii)  the author of the document or the original source of the information.

7      C.     <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES</u>

8             <u>ONLY" Information or Items.</u>

9      Unless otherwise ordered by the Court or permitted in writing by the

10 Designating Party, a Receiving Party may disclose any information or item

11 designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

12       (i)     the Receiving Party's Outside Counsel of record in this action, as well

13 as employees of said Outside Counsel to whom it is reasonably necessary to disclose

14 the information for this litigation;

15       (ii)   Experts (as defined in this Order) (1) to whom disclosure is reasonably

16 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

17 Protective Order" (Exhibit A);

18       (iii)  the Court and its personnel;

19       (iv)   court reporters, their staffs, and professional vendors to whom

20 disclosure is reasonably necessary for this litigation and who have signed the

21 "Agreement to Be Bound by Protective Order" (Exhibit A); and

22       (v)    the author of the document or the original source of the information.

23 **VII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**

24       **PRODUCED  IN OTHER LITIGATION.**

25      If a Receiving Party is served with a subpoena or an order issued in other

26 litigation that would compel disclosure of any information or items designated in

27 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

28 ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

Party, in writing (by email or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

## VIII. UNAUTHORIZED OR INADVERTENT DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

If a Designating Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to the Receiving Party that it did not intend to disclose or disclosed under an improper designation, it shall upon discovery (a) promptly

notify in writing the Receiving Party of the unintended or misdesignated disclosure, (b) request the Receiving Party to whom the disclosures were made to return and/or destroy (as the parties may agree) the inadvertently disclosed materials or in the case of misdesignated materials, that the Receiving Party treat the disclosed materials pursuant to the intended designation by the Designating Party.

## IX.    FILING OF PROTECTED MATERIAL.

In Accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## X.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days (60) after the final termination of this action including appeals, each Receiving Party must: (a) return all Protected Material to the Producing Party; or (b) destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all

pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (DURATION), above.

**XI.**     GOOD CAUSE STATEMENT.

The parties respectfully submit that good cause exists for entry of this stipulated protective order. In order to determine its alleged/claimed damages, Plaintiff has sought from Defendant various sensitive business and financial information relating to its use and sale of certain products that Plaintiff has accused Defendant of infringing or otherwise violating its intellectual property rights; such information includes without limitation <u>invoices, purchase orders, sales and revenue figures and breakdowns, profit and loss statements, customer and vendor lists, employee lists, and tax returns</u>, each of which Defendant maintains cannot be made accessible to the public without harming its business.  In addition, given the nature of Plaintiff's claims and Defendant's counterclaims, the parties anticipate that as discovery proceeds, either may be asked to produce additional information or documents that consist of or contain sensitive financial information or trade secrets. The parties respectfully submit that this stipulated protective order will facilitate the efficient exchange of relevant information and documents, without improperly undermining public access to non-confidential information.

**XII.  MISCELLANEOUS**

A.     <u>Right to Further Relief.</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     <u>Right to Assert Other Objections.</u>

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party

1  waives any right to object on any ground to use in evidence of any of the material

2  covered by this Protective Order.

3      **IT IS SO ORDERED.**

4

5  Dated:   September 16, 2013

6      _____
       Honorable Douglas F. McCormick
       United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

I, _____, declare as follows:

    1.    My present address is: _____.

    2.    My present occupation or job description is: _____.

    3.    My present employer is: _____.

    4.    I have received a copy of the Stipulated Protective Order ("Order") entered in *Quoc Viet Foods, Inc.*, *vs. VV FOODS, LLC;* Case No. SACV 8:12-cv-02165-CJC (MLG) pending in the United States District Court for the Central District of California.  I have carefully read and understand the provisions of the Order.

    5.    I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

    6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

    Executed this ____ day of _____ 20__, in the County of _____, State of _____.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE OF DECLARANT