UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

QUOC VIET FOODS, INC.,

Plaintiff,

v.

VV FOODS, LLC *et al.*,

Defendants.

Case No.: SACV 12-02165-CJC(DFMx)

**ORDER DENYING DEFENDANT-COUNTER CLAIMANTS' APPLICATION FOR ORDER TO TAX ADDITIONAL COSTS AND MOTION FOR ATTORNEYS' FEES**

## I. INTRODUCTION

On February 27, 2017, the Court entered judgment in favor of Defendants and Counter Claimants VV Foods, LLC, Nga Vu, and Thanh Vu (collectively, "VV Foods"), ordering that Plaintiff and Counter Defendant Quoc Viet Foods, Inc. ("Quoc Viet"), take nothing on its Complaint for trademark infringement against VV Foods, declaring sixteen of Quoc Viet's trademarks (the "Cốt Marks") invalid and not protectable, and canceling

those sixteen trademarks. (Dkt. 353.) VV Foods now moves for an order to tax additional costs, (Dkt. 361), and for attorneys' fees, (Dkt. 364). For the following reasons, the request to tax additional costs and the motion for attorneys' fees are DENIED.[1]

## II. ADDITIONAL COSTS

"[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998). A district court "must 'specify reasons' for its refusal to tax costs to the losing party," but "need not give affirmative reasons for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis omitted) (quoting *Assoc. of Mexican–American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).

Local Rule 54-3.12 provides that, "Upon order of the Court, the following items may be taxed as costs:

(a)  Summaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial;
(b)  Photographs, if admitted in evidence or attached to documents necessarily filed and served upon the opposing party; and
(c)  The cost of models.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 1, 2017, at 1:30 p.m. is hereby vacated and off calendar.

VV Foods maintains that the following expenses are taxable costs pursuant to Local Rule 54-3.12(a): $76,400 for a trademark consumer survey by Kristina Sing, $10,506.88 for "summaries" relating to the Vietnamese language from expert witness Tyler Nguyen, $29,280 for "summaries" relating to trademark law from expert witness Morland Fischer, $35,498.95 for "summaries" relating to trademark damages from expert witness Michael Yi, and $1,937.50 for "summaries" relating to Vietnamese culture from expert witness Jeannie Luong. (Dkt. 361 at 2.)

Regarding Ms. Sing's survey, VV Foods argues that Local Rule 54-3.12(a) expressly contemplates the cost of surveys, Ms. Sing's undertakings were "absolutely necessary to ensure that the survey comports with accepted principles and can withstand scientific scrutiny," and the Court specifically relied on the survey in its memorandum of decision in VV Foods' favor. (Dkt. 367 at 3–4 (citing Dkt. 351 at 29–31).) As to the remainder of the costs, VV Foods argues that they are recoverable because they were helpful to the Court and the jury in resolving the case. (*Id.* at 4–5.) Quoc Viet objects on the grounds that L.R. 54-3.12(a) permits recovery of costs only for "services related to the direct production of visuals." (Dkt. 363 at 3 (quoting *Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079-CAS, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015)).)

Although there is little authority interpreting Local Rule 54-3.12(a), "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Accordingly, courts read Local Rule 54-3.12 consistently with 28 U.S.C. § 1920. *See, e.g.*, *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 7430618, at *5 (C.D. Cal. June 15, 2016). Specifically, 28 U.S.C. 1920(4) provides that a judge or clerk of the United States may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the

case." The Ninth Circuit interprets "exemplification" narrowly, encompassing "'the act or process' of 'showing or illustrating by example,' or 'an official transcript of a public record, authenticated as a true copy for use as evidence.'" *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 n.4 (9th Cir. 2013) (per curiam) (quoting *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 262 (4th Cir. 2013)). For example, "[t]he cost of editing deposition videotapes into clips to be played at trial in lieu of live witness testimony is not taxable because it is a service in excess of the costs of making copies of the videotape and, further, is an expense incidental to trial preparation akin to preparing a witness for trial." *Id.* at 959. Additionally, "synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification and was not truly necessary for trial." *Id.*

The costs VV Foods seeks go beyond the scope of Local Rule 54-3.12, which clearly contemplates the more limited costs related to the production of demonstratives and materials to aid the finder of fact in accordance with 28 U.S.C. § 1920(4). *See, e.g.*, *Andresen*, 2015 WL 3648972, at *9 ("[T]he Court will tax costs only for those services related to direct production of visuals, not billed services for 'expert persuasive strategists.'"). VV Foods is really asking for expert fees, and its characterization of these costs as "surveys" and "summaries," (Dkt. 361 at 2), does not bring them within the scope of Local Rule 54-3.12(a). The invoices VV Foods provides in support of its claimed costs demonstrate this. For example, with regards to Ms. Sing's survey, VV Foods seeks to recover costs for questionnaire development, fieldwork, data processing, analysis, deposition preparation, travel expenses, trial preparation, and trial testimony, which are clearly fees for her expert testimony. (Dkt. 361 Ex. 1.) Although Ms. Sing did conduct a survey and present the resulting findings, the survey is inextricably linked to her expert testimony. Similarly, the "summary" of the Vietnamese Language provided by Mr. Nguyen is actually his expert testimony at trial, and VV Foods seeks to recover the cost of Mr. Nguyen's trial preparation, air fare, cab fare, translation work, report

drafting, and discussions with counsel. (*Id.* Ex. 2.) These costs are not recoverable under Local Rule 54-3.12(a).

Costs for expert witnesses are generally taxable only to the extent provided in 18 U.S.C. § 1821 ($40 per day plus travel expenses), which VV Foods has already separately requested and obtained from the Clerk of the Court. (*See* Dkts. 358, 366). Under "exceptional circumstances" the district court might exercise its "'inherent equitable discretionary authority' to award additional expert fees upon a showing that the expert testimony was 'essential to establish[ing] the defense.'" *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 878 (9th Cir. 1986) (quoting *Shakey's Inc. v. Covalt*, 704 F.2d 426 (9th Cir. 1983)), *overruled on other grounds as recognized by Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551–52 (9th Cir. 1992).

VV Foods has not made an adequate showing that this case involved "exceptional circumstances" and that its experts were "essential" to their defense. Although VV Foods correctly points out that the Court relied in part on the testimony of Ms. Sing and Mr. Nguyen in granting judgment in favor of VV Foods, (*see* Dkt. 361 at 4–5; Dkt. 367 at 3; *see also* Dkts. 284, 351), this reliance does not render their testimony essential to VV Foods' case—such a broad reading of "essential" would render nearly every case "exceptional." Nor is the Court persuaded by VV Foods' argument that the expert services provided by Mr. Fischer, Mr. Yi, and Ms. Luong were "necessary" and "crucial in assisting the jury and the Court to fully understand the issues at trial." (Dkt. 367 at 5.) The Court set aside the jury's findings in favor of Quoc Viet after the first phase of trial and granted VV Foods' motion for judgment as a matter of law. (Dkt. 284.) In doing so, the Court did not at all rely on or find helpful the testimony of Mr. Fischer, Mr. Yi, or Ms. Luong. (*See id.*) In the second phase of trial, which was a bench trial, the Court was not presented with the testimony of Mr. Yi or Ms. Luong, and did not rely on the

testimony of Mr. Fischer. Accordingly, the Court DENIES VV Foods' application to tax additional costs.

### III. ATTORNEYS' FEES

Under the Lanham Act, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). According to the Supreme Court, an "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* A "nonexclusive" list of factors to consider in making this determination includes "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (quoting *Octane Fitness*, 134 S. Ct. at 1756 n.6).

The parties appear to agree that VV Foods is the prevailing party, but dispute whether this case is exceptional. (*See generally* Dkts. 364, 368.) VV Foods argues that this case is exceptional because (1) the Court granted VV Foods' motion for judgment as a matter of law after the jury made findings in favor of Quoc Viet, (2) Quoc Viet's own language expert established that its claims lacked merit, (3) unlike VV Foods, Quoc Viet never conducted a consumer survey to determine whether its marks had secondary meaning, (4) Quoc Viet's motivations are "suspect" in that the action was likely brought to "monopolize" the market, (5) Quoc Viet delayed ten years after sending its first cease-

and-desist letter before commencing this litigation and embarked on a campaign to "harass" its competitors, (6) Quoc Viet sued not only VV Foods and its principals, but also its manufacturer, with whom it quickly obtained a settlement, (7) Quoc Viet mailed letters to its customers during the lawsuit that "mischaracterized the lawsuit and disrupted [VV Foods'] business," (8) Quoc Viet contacted Amazon.com during the litigation and persuaded it not to sell VV Foods' products, (9) after the jury found in Quoc Viet's favor in the first phase of trial, Quoc Viet issued public statements that it was seeking $5 million in damages from VV Foods, plus potential treble damages, and such statements still appear on Quoc Viet's counsel's website, (10) after the first phase of trial, Quoc Viet told a grocery manager that stocked VV Foods' products that it won in this litigation, even though VV Foods' products at the store at that time did not use the disputed Cốt Marks, and (11) Quoc Viet abused the discovery process by threatening to use and failing to return or destroy attorney-client privileged documents that [VV Foods] inadvertently produced. (*See generally* Dkt. 364.)

The Court is unpersuaded by these arguments, which amount to a contention that the case was frivolous and that Quoc Viet acted in bad faith. To begin with, Quoc Viet placed the majority the Cốt Marks on the Supplemental Register and successfully moved nine of them to the Principal Register by filing applications pursuant to 15 U.S.C. § 1052(f) ("Section 2(f)" applications) with the PTO. Quoc Viet was also able to register one of its marks directly on the Principal Register. Accordingly, it was not unreasonable for Quoc Viet to believe that its marks were valid and protectable.

Nor does Quoc Viet's evidence offered at trial suggest that the case was wholly without merit. While Quoc Viet's language expert made admissions that ultimately proved unfavorable to Quoc Viet's position, that does not demonstrate that Quoc Viet's case was frivolous. The language expert did provide some testimony that was helpful to Quoc Viet (that "Cốt" means "bones" and that the word cannot refer to food without a

1  "head word"), but on *cross-examination* he conceded that another meaning of "Cốt" is
2  "condensed or concentrated" and that if he were to see the word "Cốt" in the context of
3  food labeling, he would think it meant "condensed."  (Dkt. 284 at 10; Dkt. 351 at 23.)
4  This language expert's testimony on the whole was not so unfavorable to Quoc Viet that
5  Quoc Viet can be accused of bringing a frivolous case.  While it is also unusual that Quoc
6  Viet did not conduct a trademark consumer survey, Quoc Viet was not required to do so
7  and was entitled to decide how to present its own case.  Moreover, after the first phase of
8  trial, the jury made a finding in Quoc Viet's favor that seven of Quoc Viet's marks were
9  valid and protectable and that VV Foods infringed those marks, but did not reach a
10 verdict because the jurors deadlocked on the issue of damages.  (Dkt. 247.)  The Court
11 later overturned the jury's findings and granted VV Foods' motion for judgment as a
12 matter of law, (Dkt. 284), but the jury's finding in Quoc Viet's favor further evidences
13 that Quoc Viet's position was not so untenable as to be frivolous.

15      VV Foods is correct that some courts have relied in part on their granting of
16 judgment as a matter of law to find a case exceptional, but it also correctly notes that the
17 Court must consider the totality of the circumstances in making such a determination.
18 (*See* Dkt. 375 at 1–2.)  In this case, the Court's granting of judgment as a matter of law
19 only meant that Quoc Viet's proffered evidence was legally insufficient, not that Quoc
20 Viet's position was frivolous.  (*See, e.g.*, Dkt. 284 at 10 ("The evidence presented at trial,
21 however, would have only permitted a reasonable jury to find that the marks are
22 descriptive.  A jury simply could not have reasonably found that the marks are
23 suggestive."); *id.* at 11 ("Taken together, the language experts' testimony only supports
24 one conclusion: that 'Cốt' describes the products at issue."); *id.* at 14–15 ("[T]here is no
25 evidence in the record demonstrating that any companies besides the parties even *sell*
26 condensed Vietnamese soup base, or that other Vietnamese soup bases are called
27 something other than 'Cốt.' . . . Contrary to Quoc Viet's assertions, the dearth of
28 Vietnamese soup bases called 'Cốt' is not persuasive evidence that the 'Cốt' marks are

suggestive.").) VV Foods also argues that "summary judgment is the legal equivalent of a JMOL ruling" because their standards mirror each other, and points to case law demonstrating that "numerous courts have awarded Lanham Act fees to a defendant that obtains summary judgment." (Dkt. 375 at 2.) However, in this case VV Foods tried to obtain summary judgment in its favor prior to trial and the Court denied that motion on the grounds that there were genuine issues of material fact with regard to the genericness of the term "Cốt." (Dkt. 91.) That the Court denied VV Foods' motion for summary judgment but later granted its motion for judgment as a matter of law further indicates that Quoc Viet's case was not frivolous.

Nor were Quoc Viet's litigation tactics so unreasonable as to render this case exceptional. With respect to Quoc Viet's decision to sue VV Foods' manufacturer and contact customers and other companies to make self-serving representations about this litigation, these tactics may be aggressive but they do not amount to a "campaign to harass." (*See* Dkt. 364 at 9.) Quoc Viet and VV Foods are direct competitors in a niche market. Quoc Viet has expended considerable time and money to develop its brand and attempt to protect its marks, and its apparently litigious nature is consistent with this effort. VV Foods also argues that Quoc Viet delayed in bringing this lawsuit by waiting over ten years after sending a cease-and-desist letter to file its complaint. (Dkt. 364 at 7–8.) VV Foods raised this argument in its earlier motion for summary judgment, but the Court explained that because Quoc Viet "believed the matter was resolved after Plaintiff sent the letter and it was not until 2009, after Plaintiff began receiving consumer complaints, that Plaintiff realized consumer confusion existed because of Defendants' continued use of 'Cốt' on their products," there was a triable issue of fact as to whether Quoc Viet unreasonably delayed in bringing this lawsuit. (Dkt. 91 at 5.) VV Foods points out that even if Quoc Viet did not become aware of actual consumer confusion until 2009, it still waited nearly four years (until late 2012) to file suit, when many of its marks had been placed on the Principal Register, and notes that the jury found that Quoc

Viet did not file suit in a timely manner which "triggers the presumption of laches." (Dkt. 375 at 6.) The Court will not adopt such a presumption, however, because it later overturned the jury's findings when it granted VV Foods' motion for judgment as a matter of law, and the Court never decided the issue of laches. (*See generally* Dkt. 284.) The Court cannot find that Quoc Viet's efforts on the whole were "not motivated by any real desire to protect its alleged intellectual property rights" as VV Foods contends. (*See* Dkt. 375 at 6–7.)

Finally, VV Foods argues that after it inadvertently produced privileged documents to Quoc Viet during discovery, Quoc Viet violated its duty to immediately notify VV Foods of the disclosure. (Dkt. 364 at 19.) VV Foods only learned of the inadvertent disclosure at a deposition, where Quoc Viet apparently refused to honor VV Foods' attempt to exercise the "clawback" provision. (*Id.*) VV Foods then filed a motion in limine to exclude those documents prior to trial. (*Id.*) Quoc Viet responds that it was unclear that the documents (which were part of more than 3,000 email communications) were privileged, but once VV Foods designated it as privileged pursuant to the Stipulated Protective Order "no additional questions were asked regarding such documents" and they were destroyed. (Dkt. 368 at 14.) While the parties dispute whether Quoc Viet's handling of the documents was proper and whether the documents were in fact destroyed, (*See* Dkt. 364 at 19; Dkt. 368 at 15; Dkt. 375 at 14), ultimately VV Foods withdrew the motion in limine after Quoc Viet agreed on the eve of trial not to use those documents, (Dkt. 364 at 19). This one incident does not render the case exceptional, especially since VV Foods suffered no prejudice from Quoc Viet's reliance on the documents at the deposition. Accordingly, the totality of circumstances this case does not warrant a fee award to VV Foods.

//

//

## IV. CONCLUSION

For the foregoing reasons, Defendants and Counter Claimants' application to tax additional costs, (Dkt. 361), and motion for attorneys' fees, (Dkt. 364), are DENIED.

DATED: April 26, 2017

                                               CORMAC J. CARNEY
                                      UNITED STATES DISTRICT JUDGE